

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Louis M. Crump
County Attorney
Coleman County
Coleman, Texas

Dear Sir:

This Opinion Modifies Opinion
O-765 due to amendment of Law.
See also V-1051

Opinion No. O-4595
Re: Employment of school super-
intendent by consolidated common
school district.

We have received your letter of May 12, 1942, which
we quote in part as follows:

"In January 1942 the board of trustees in a
common consolidated school district in Coleman
County, Texas, entered into a contract with the
school superintendent employing him to continue
in such capacity for the school year 1942-43.
Two new trustees were elected in April 1942 and
have duly qualified as such within the time pre-
scribed by law. Up to the present time this con-
tract has not been presented to the County Super-
intendent for his approval.

"Is this contract valid and binding against
the board of trustees in view of the fact that two
new members have been elected and taken office
since the date of such contract?"

In your letter you cite Article 2750a-1, Vernon's
Annotated Civil Statutes, which reads as follows:

"That trustees of any Common School District
or Consolidated Common School District shall
have authority to make contracts for a period of
time not in excess of two (2) years with princi-
pals, superintendents, and teachers of said Com-
mon School Districts or Consolidated Common School
Districts, provided that such contracts shall be
approved by the County Superintendent. No con-
tract may be signed by the Trustees of Common
School Districts or Common Consolidated School Dis-
tricts until the newly elected trustees have quali-
fied and taken the oath of office. Acts 1941,

47th Leg., S.B. #126, ¶ 1.  (Emphasis supplied)

This department held in opinion No. O-765 (conference opinion No. 3069) that a provision of Article 2750a (Acts 1937, 45th Leg., Ch. 267, ¶ 1), similar to the one underscored above, was unconstitutional because of the defective caption of the act.  The 47th Legislature apparently to remedy this defect passed Senate Bill 126.  (Article 2750a-1)

You wish to know whether the provisions of Article 2750a-1 affect the validity of the contract under consideration.  We are of the opinion that this question should be answered in the negative.

The language used by the Legislature in Article 2750a-1 very plainly indicates that the feature sought to be remedied was the practice whereby defeated school trustees would join with a minority of the new board in signing contracts before the "newly elected" trustee could qualify.  However, it is obvious that there can be no "new elected" trustee until after the election on the first Saturday in April in each year as provided in Article 2745.  The contract in question was entered into in January; therefore, there were no "newly elected" trustees.  It follows that this provision of Article 2750a-1 is not applicable.  Opinion No. O-O4.

You state in your letter that the contract has not been presented to the county superintendent for his approval. Articles 2750a and 2750a-1 authorize contracts of this nature, and provide "that such contracts shall be approved by the County Superintendent."  No time limit is specified as to when such contracts should be presented to the county superintendent.  Apparently, a reasonable time was intended, and we do not believe that such reasonable time has passed, especially in view of the fact that the time covered by the contract does not start to run until the school year 1942-1943.

We quote the following from the opinion of the court in Miller et al. v. Smiley et al., 65 S.W.(2d) 417 (W.E.Ref.):

". . . But we cannot bring ourselves to believe that a mere fortuitous change in the membership of the board, prior to the formal approval by the county superintendent of the lawful contracts theretofore made by the board, permits such contracts to be arbitrarily revoked by the new board and the county superintendent without any charge of fraud, imposition, or mutual mistake, and with no hearing given the teachers of such intended revocation of their contracts.

"It seems to us that to hold otherwise would be to violate the plainest principles of fairness and justice, and to acquiesce in arbitrary and dictatorial powers not conferred by our statutes upon the boards of school trustees, or county superintendents."

In view of the foregoing you are respectfully advised that a contract between the board of trustees of a common school district or consolidated common school district and a school superintendent entered into prior to the election of trustees under Articles 2745 and 2750a-1 is not of itself invalid even though the contract has not at the time of such election or qualification of such new trustees been approved by the county superintendent.

This opinion is expressly limited to the fact situation as disclosed in your letter of request.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks, Assistant

APPROVED MAY 26, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

GWS:AMM:wb